(13 Misc. Rep. 505.)

WALSH et al. v. MANHATTAN RY. CO.

(Superior Court of New York City, General Term. July, 1895.)

APPEAL—REVIEW—JUDGMENT ON VERDICT DIRECTED BY THE COURT.

A judgment entered on a verdict directed by the court will not be disturbed where no appeal was taken from the order denying a motion for a new trial, and the appeal book does not contain testimony taken on the trial or the rulings of the court during the trial.

Appeal from jury term.

Action by Mary Walsh, as administratrix, etc., and another, against the Manhattan Railway Company. Judgment was entered on a verdict in favor of defendant, and plaintiffs appeal. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

S. C. Herriman (George Zabriskie, of counsel), for appellants.

Davies, Short & Townsend (Julien T. Davies and Jos. H. Adams, of counsel), for respondent.

GILDERSLEEVE, J.    This is an action to recover the statutory damages for death through defendant's alleged negligence. After both sides had rested, the case was submitted to the jury; and, after the jury had retired to deliberate, the court ordered a sealed verdict. The following morning, on the opening of the court, the jury brought in a sealed verdict, which, on being opened, was found to be for the defendant. On the jury being polled, however, one of them said that he had changed his mind over night. The court thereupon directed a verdict for the defendant, which was entered accordingly. The counsel for the plaintiffs at once moved that a new trial be granted, and the motion was denied. No appeal has

been taken by the plaintiffs from the order denying the plaintiffs' motion for a new trial. The appeal which we are asked to consider is from the judgment. The appeal book does not contain the testimony taken upon the trial, or the motions, whatever they may have been, that were made by defendant previous to the submission of the case to the jury. The court certainly had the power to direct a verdict, and since the testimony is not before us, and the appeal book does not contain the rulings of the court in the progress of the trial, we cannot consider the merits of the rulings of the learned trial judge. There is no evidence before us, and it is therefore impossible to say whether the verdict was correctly or erroneously directed. There is nothing in the appeal book upon which the general term can properly be asked to reverse the judgment.

It therefore follows that the judgment appealed from must be affirmed, with costs to the respondent.